BYNUM *v.* EWART.

(*Knoxville.* November 3, 1891.)

CHANCERY PLEADING.    *Bill demurrable for repugnancy.*

Bill in equity is demurrable for repugnancy wherein the complainant seeks to sell a tract of land for a debt due him from husband and wife, *first*, as the wife's property, under or by virtue of a mortgage executed by herself and husband for the debt; and, *secondly*, as the husband's property, upon the averment that the wife held it under a fraudulent deed, and that the land was the husband's property; the complainant seeking also to recover the land in the same suit from other defendants in possession and claiming under independent titles.

Cases cited and approved: Coleman *v.* Pinkard, 2 Hum., 184; 17 How., 143.

FROM MORGAN.

Appeal from Chancery Court of Morgan County. H. R. GIBSON, Ch.

WASHBURN & TEMPLETON for Bynum.

HENDERSON & JOUROLMON, LUCKY & SANFORD, and GEO. W. EASLEY for Ewart.

LURTON, J.    This bill is filed in a double aspect, and against two distinct sets of defendants, having no connection with each other.

Demurrers for repugnancy, multifariousness, and misjoinder were overruled and an appeal allowed from this action.

In its first aspect the bill is filed to set up and foreclose a mortgage executed by a married woman on realty not held as a separate estate. This mortgage was executed for the purpose of securing money loaned Mrs. Kavenaugh, on the joint promise of herself and husband to repay same, and to be secured by a mortgage on her land. The certificate of acknowledgment is defective in not showing a privy examination of the wife. On information complainant charges that, in fact, a privy examination was had, the certificate, by oversight, failing to show the fact. In aid of the relief sought as a mortgagee, the complainant alleges that certain persons, claiming under wholly independent titles, are in adverse possession of the mortgaged premises; that these independent titles are under grants junior to that under which Mrs. Kavenaugh held; and that, by adverse possession, this inferior title is about to ripen into the better and superior title. These persons are made defendants. Under this aspect of the bill, complainant prays: (1) That the certificate of acknowledgment must be corrected according to the fact; (2) that the mortgage thus perfected be set up and foreclosed; (3) that the defendants in possession, claiming under independent adverse titles, be ejected, and their title declared inferior to that of complainant under his mortgage. As alternative re-

lief, under this aspect of the bill, complainant prays that if, by lapse of time, he is unable to prove the due acknowledgment of his mortgage by Mrs. Kavenaugh, that the Court will, in that event, adjudge a lien to exist on her lands by reason of the loan having been made upon her promise and agreement to execute and deliver a mortgage.

Upon the hypothesis that he may not be able to sustain his claim under Mrs. Kavenaugh's title, complainant then states another and distinct ground for relief. He alleges that the title to the lands so embraced in the mortgage under which he claims was placed in Mrs. Kavenaugh by her husband's direction, for the fraudulent purpose of hindering and delaying his creditors, existing and subsequent; that the purchase-money was, in fact, paid by him, and, being indebted to insolvency at the time, he canceled his interest under cover of a conveyance to his wife. Under this aspect of his case, he prays that if unable to set up and enforce his mortgage, that then the conveyance to Mrs. Kavenaugh be set aside, and the lands subjected to sale as the property of the defendant, E. Kavenaugh, the husband of the mortgageor.

When a complainant is not certain as to his right to a specific relief, he may so frame his bill that if one form of relief may not be obtained, another may be granted. But the alternative case stated must not require a relief repugnant to that first sought. This is a well-recognized limitation upon bills framed with a double aspect. The sec-

ond case. stated and the alternative relief sought is in antagonism to that which he seeks in his character as a mortgagee.

Mr. Bynum's bill may be thus summarized: "Mrs Kavenaugh was seized and possessed of the lands conveyed in her mortgage. She has executed a valid mortgage thereon, and I am entitled, claiming thereunder, to maintain ejectment against Jou-rolmon and others, who are in adverse possession to my title. But if I am wrong about this, and have not obtained Mrs. Kavenaugh's title, then I wish, in the same case and in the same pleading, to attack her title, and divest title out of her and vest it in her husband, to the end that I may subject it to payment of my claim as an unsecured creditor of the husband." It is an effort to claim under antagonistic titles. He cannot claim under Mrs. Kavenaugh's title, and at the same time repudiate it, and claim a right to subject it as the title of another. 1 Dan. Ch. Pl. (4th Ed.), 385, and cases cited in notes.

In the case of *Shields* v. *Barrow*, 17 How., 143, 144, the complainant's original bill sought to set aside a contract for imposition and other causes. By an amended bill he sought, in case the Court should refuse to set aside the contract, to have it specifically performed. The Court held that the bill was antagonistic and sought two diametrically opposite results. As to such bills the Court said: "A bill may be originally framed with a double aspect, or may be so amended as to be of that

character, but the alternative case stated must be a foundation for precisely the same' relief; and it would produce inextricable confusion if the plaintiff were allowed to do what is attempted here."

The case at bar is much like that of *Coleman* v. *Pickard*, 2 Hum., 184. The defendant, Pickard, had conveyed certain slaves by deed of gift to his three children. Two of these died intestate, leaving the father, as distributee, entitled to their interests in the slaves. Coleman, a creditor of Pickard, having a return of *nulla bona*, qualified as administrator upon the estate of the children, and, in his character as administrator, filed his bill to recover the interests of his intestates in these slaves under the deed of gift, and in his character as a creditor of Pickard sought to subject to the satisfaction of his judgment Pickard's interest in the estate of his intestates. He subsequently amended his bill, and attacked the deed of gift as void for fraud, and, as a creditor of the donor, to subject the slaves to the satisfaction of his debt. This Court decided: "The two claims were directly antagonistic to each other. Although both parties claim the same property, they claim it in entirely distinct rights; and the one can only succeed by defeating the other. That the same individual is both administrator and creditor can make no difference. The question would be the same if they were distinct individuals."

So it is here. The mortgagee and the creditor

are the same. But the mortgagee can only succeed by defeating the creditor's effort to set aside the conveyance under which the mortgageor holds. As creditor, he can only succeed by defeating the mortgage. That it would be manifest misjoinder to unite two plaintiffs in such repugnant relations needs no argument. That the two claims are preferred by the same person, and presented as alternative prayers, cannot change the principle. He cannot claim under and against the title of Mrs. Kavenaugh in the same pleading. The other questions raised by demurrer are reserved.

The bill will be dismissed upon the grounds indicated. Complainants will pay costs.