CITY NATIONAL BANK, COMPLAINANT, APPELLANT, *v.* T. A. BARNES, *et al.*, DEFENDANTS, APPELLEES.

(*Jackson*, April Term, 1932.)

Opinion filed June 18, 1932.

R. H. RHODES and A. B. LAMB, for complainant, appellant.

FRYER & FRYER, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bank took a judgment against T. A. Barnes as one of several endorsers on a note, and after a *nulla bona* return of its execution, filed this bill, seeking to set aside as fraudulent a trust deed executed by Barnes on real

estate, to secure an indebtedness to his wife, evidenced by two notes, one of $2,900, dated December 1, 1925, and one of $2,250 dated June 4, 1928. The judgment against Barnes, for $5,763.75, was obtained September 6, 1930, and the bill was filed November 5, 1930. The note which Barnes, among a number of others, had endorsed, had been executed July 10, 1924, and was outstanding when Barnes made the trust deed to secure his wife, on April 7, 1930.

The bill alleged that Barnes was not indebted to his wife for any amount; that the wife had never possessed any money and never made any loan to her husband, as recited in the trust deed; that if any funds of the wife were used by Barnes, they were never so used or considered between them as loans, or regarded as an indebtedness; and that, if any of the wife's "means were ever used by her husband T. A. Barnes, they were reduced to possession and made his own property and assets, and were never borrowed from said wife," but that the claim was an afterthought and the trust deed executed to hinder, delay and defeat complainant in the collection of its debt. It was charged that the wife well knew this purpose of the husband and knowingly participated in said fraud.

The husband and wife filed separtate answers denying all charges of fraud. The wife disclaimed any knowledge of her husband's indebtedness to complainant and she denied *seriatim* the specific charges of the bill that she never made any loan to her husband, and that her funds were reduced to possession by her husband, but says that she made loans to him from time to time, always with the distinct understanding that he would repay same, and that this indebtedness was correctly evi-

denced by the notes she holds, and that her husband had executed the conveyance pursuant to promises made to her from time to time.

No proof was taken and on the bill and its exhibits and the answers the Chancellor gave complainant a decree. Defendants appeal and insist that the Chancellor has erred in applying the rule as to the burden of proof in this state of the record.

Complainant invokes the general rule that, if the answer not only denies the charges of the bill, but goes further and sets up new matter in avoidance, the respondent assumes the burden of proof. This general rule is thus well stated in Gibson's Suits in Chancery, Section 443 (Chambliss Ed.): "Where the material allegations of the bill are denied by the answer, the burden of proof rests upon the complainant; but where the plea, or answer, expressly or constructively, confesses the material allegations of the bill, and sets up new matter in avoidance of the bill, the burden of proof rests upon the party who maintains the affirmative of the issue, or, as it might be more definitely expressed, it rests upon that party whose material affirmative allegations are not expressly, or impliedly, admitted by his adversary." The controlling maxim is *affirmanti, non neganti, incumbit probatio*—the burden of proof rests upon him who affirms, not upon him who denies. Gibson says, "this is the great rule."

The opinion of this Court in *Yost* v. *Hudiburg*, 70 Tenn., 627, 630, and of the Court of Appeals in *Farmers Bank of Lynchburg* v. *Farrar*, 4 Tenn. Appeals, 186, are particularly relied on.

In the Yost case the Court said this: "Had the answer stopped with a simple denial of the allegation that the

money or means of A. S. Hudiburg paid for the property purchased from Coffman, the *onus* would have been upon the complainant to prove the allegation; but the answer having gone further, *the complainant is entitled to the benefit of all the admissions;* and while in the present attitude we must take the history of the transaction as stated in the answer, yet he is at liberty to draw any legitimate inference from those statements, even though it be to establish the existence of fraud in the face of the general denials of the answer.''

We have italicized language which must be given effect. It is only when the answer couples with general denials *admissions* of material matters which tend to support the allegations of the bill, that the burden shifts to the defendant to make proof of explanatory matters set up in avoidance.

In his Suits in Chancery (Chambliss Ed., Sec. 439) Mr. Gibson, discussing the hearing of a cause on bill and answer, thus states the rule: ''If the complainant sets the cause down for hearing on bill and answer, and the Court should be of opinion that there is not sufficient matter confessed by the answer, to entitle the complainant to any of the relief prayed, the bill will be dismissed.'' The answer must, after denial of the charges, go further and make *admissions* or *confessions* which would entitle the complainant to relief, unless explained, before the complainant is relieved of making proof of the charges of the bill. And it is when, after making such admissions, the respondent sets up matter in avoidance, that he must make proof thereof.

In the Yost case the Court found damaging admissions in the answer, to which, with all legitimate infer-

ences therefrom, the Court properly looked, showing the existence of fraud "in the face of the general denials of the answer."

So, in the Farmers Bank case, supra, after discussing the authorities, and showing that Tennessee adheres to the "minority rule," under which the burden is on creditors attacking as fraudulent a conveyance by a husband to a wife, when the wife, in her answer makes a general denial of the charges of fraud, the Court reviewed the pleadings in that case and discovered such admissions as cast the burden on the respondent, Mrs. Farrar, to prove the validity of her indebtedness from her husband. That case was close on the pleadings, and the decision was not rested altogether thereon, but proof had been introduced to which the Court looked to support its holding. It appeared from the answer in the Yost case that the husband had in effect reduced the wife's funds to possession, and it thereupon devolved upon the wife to prove her claim as a creditor, of her husband as to said funds when thereafter asserted by her.

In the instant case, we are unable to discover wherein the answers of the husband and wife have "confessed," or admitted, any of the allegations of the bill charging fraud. It is true that they have gone beyond a general or simple denial, but this may be done, in elaboration and detailed emphasis, without involving any damaging admission which would call for explanation, and burden the respondent with proof thereof.

Moreover, under another well established rule of pleading the complainant in this case appears to have retained the burden of proof on the determinative issues involved. After stating the general rule to be that, "if the defense consists of matters in avoidance, then the

·truth of these matters is the main issue, and the burden of proof is on the defendant,'' Mr. Gibson, in a footnote to Sec. 457 (Chambliss' Gibson's Suits in Chancery) says:

''But, if the complainant sets up matter in avoidance of an anticipated defence, and such defence is made, then, as to such matters, the burden of proof is on the complainant,'' citing *Jenkins* v. *DeWar,* 112 Tenn., 684; *Gross* v. *Disney,* 95 Tenn., 592; *Sully* v. *Childress,* 106 Tenn., 109.

Now, the main issues here are whether the wife ever had money which she loaned to the husband, and particularly whether she ever had a separate estate which was never converted into possession by the husband. It will be seen that these two issues were specifically dealt with in the bill. The complainant ''anticipated'' that the defendants would rely on these claims, and proceeded in the bill to attack their validity. This plainly brought into play the exception above cited to the rule which fastens on a respondent the burden of proving matters in avoidance set up in the answer.

On the whole case, we are of opinion that the complainant was not entitled to a decree on the pleadings. The decree is reversed, and by analogy to the practice in the Chancery Court in such cases, suggested in Gibson's Suits, Section 439, the bill will be dismissed without prejudice.