COMMERCE UNION BANK et al. v. SHARBER et al.—100 S. W. (2d) 243.

Middle Section.    May 23, 1936.

Petition for Certiorari denied by Supreme Court, January 16, 1937.

Coffey & Coffey, of Columbia, for appellants Bank et al.
Thos. H. Peebles, of Columbia, for appellees Sharber et al.

FAW, P. J. On the final hearing of this case below, the chancellor dismissed the bill filed by the complainants, discharged the attachment which had been sued out and levied upon certain real property in Maury county at the time the bill was filed, and adjudged the costs against the complainants. The complainants obtained and perfected an appeal to this court and have assigned errors here.

As this is an equity case, the parties will be designated herein as complainants and defendants, respectively, as they appeared on the record below. Pigg v. Houston, & Liggett, 8 Tenn. App., 613, 619.

The complainants are Commerce Union Bank and J. A. Sloan Company. Each of the complainants is a Tennessee corporation with its legal situs and principal place of business at Columbia, in Maury county, where complainant Commerce Union Bank is, and has been since January, 1933, engaged in the banking business, and where complainant J. A. Sloan Company is, and has been for a number of years past, engaged in the wholesale grocery business. Prior to January 1, 1933, the banking house and principal place of business of complainant Commerce Union Bank were at Springhill in Maury county, Tenn.

The parties named in the bill as defendants thereto are J. W. Sharber and his wife, Mrs. Caledonia Sharber, Mrs. Anne S. Amick, and her husband, Elton Amick, Mrs. Louise S. Vaughn, and her husband, Alton Vaughn, and Southern Trust Company.

J. W. Sharber and his wife, Caledonia, are described in the bill as nonresidents of the state of Tennessee and residents of the state of Texas; and publication was made for them as such nonresidents pursuant to the prayer of the bill. They were not personally served

with process and did not enter their appearance in the cause by pleading or otherwise.

The remaining parties named as defendants were before the court by personal service of process, and they filed answers to the bill. Mrs. Amick and husband and Mrs. Vaughn and husband are all resident citizens of Maury county, Tenn., and Southern Trust Company is a Tennessee corporation with its principal place of business at Clarksville, Tenn.

It is alleged in the bill, appears from proof, and the chancellor was of opinion (as stated in his decree) that defendant J. W. Sharber is indebted to the Commerce Union Bank in the principal sum of $1,200, with accrued interest thereon of $162 and attorney's fee of $150, making a total of $1,512; and that said J. W. Sharber is indebted to J. A. Sloan Company in the sum of $519.45 with accrued interest amounting to $77.02, making a total of $597.17; but the chancellor held and adjudged that, inasmuch as it appeared that said J. W. Sharber is a nonresident of the state of Tennessee, and is in court in this cause by publication and pro confesso thereon, no (personal) judgment could be rendered against him in this cause.

The ruling of the chancellor just stated is the basis of the first assignment of error in this court. This assignment of error is overruled. "When a proceeding is strictly in personam, brought to determine the personal rights and obligations of the parties, personal service within the State or a voluntary appearance in the cause is essential to the acquisition of jurisdiction. The same rule obtains in a proceeding quasi in rem as to the validity of a personal judgment attempting to determine the obligations of the defendant except as to the disposition of the res." McGehee on Due Process of Law, p. 89.

"In no case of proceedings in rem or quasi in rem does the court by seizure and constructive service gain authority to pronounce a judgment binding the owner of the res personally; it can control only the disposition of the property seized. Even though the proceeding is one, as in a suit begun by attachment where the judgment is personal in form, it is without effect as to non-residents not personally served, except to dispose of the property attached. No personal execution can issue against the non-resident, neither can any personal liability for costs attach on such a judgment." Id., pp. 111, 112.

The established rule in Tennessee is well stated in the above quotations. Fitzsimmons v. Johnson, 90 Tenn., 416, 424, 17 S. W., 100; Paper Co. v. Shyer, 108 Tenn., 444, 465, 67 S. W., 856, 58 L. R. A. 173; Purnell v. Morton Live Stock Company, 156 Tenn., 383,

387, 1 S. W. (2d), 1013; Lawson v. Laundry Machine Co., 165 Tenn., 180, 185, 54 S. W. (2d), 712.

Defendants Mrs. Amick and Mrs. Vaughn are daughters of said J. W. Sharber and his wife, Caledonia. By a warranty deed dated July 15, 1931, acknowledged for registration on March 21, 1932, and registered in the register's office of Maury county, Tenn., on December 24, 1932, said J. W. Sharber and wife, Caledonia, conveyed to the defendants Mrs. Vaughn and Mrs. Amick a certain town lot with a business house thereon, situated in the city of Columbia, Maury county, Tenn., and fully described in said deed and in the pleadings in this cause. The consideration for said conveyance as recited in the deed, was the sum of $6,500, to wit, $500 paid in cash (receipt of which is acknowledged in the deed); "the assumption of a mortgage to the Southern Trust Company of Clarksville, Tennessee, of $2500;" and "$3,500 to be paid in five promissory notes of $700 each, of even date, bearing 6% interest per annum, payable annually, to Mrs. Caledonia Sharber, due in twelve, twenty-four, thirty-six, forty-eight and sixty months, respectively, with lien retained" on the property conveyed, to secure the payment thereof.

The deed contained the usual covenants of seizin, right to convey, and against encumbrances, except as against the aforesaid encumbrance of the mortgage to the defendant Southern Trust Company "which the said Louise Sharber Vaughn and Anne Sharber Amick assumed."

The bill seems to have been drawn upon the theory in the mind of the draftsman that the aforesaid real estate was the property of J. W. Sharber, but the record shows that, prior to the aforesaid conveyance to Mrs. Amick and Mrs. Vaughn said property was, and had been since December 18, 1915, owned by said J. W. Sharber and his wife, Caledonia, as tenants in common.

With reference to the aforesaid deed of Sharber and wife to Mrs. Amick and Mrs. Vaughn, the complainants' bill contains allegations as follows:

"The said real estate mentioned in the said deed was all of the real estate owned by the said J. W. Sharber at the time the said deed was recorded and he had no other assets except a few book accounts which were placed in the hands of his daughters for collection and on which they made collection and paid other creditors their accounts in full so these complainants are advised and your complainants were paid nothing upon their accounts from the proceeds of the said book accounts, not even the accrued interest.

"Your complainants would further state and charge as will be seen from the said deed, that J. W. Sharber and his wife, Mrs.

Caledonia Sharber, executed the within deed to their two daughters, Louise Sharber Vaughn and Anne Sharber Amick, for a consideration of $6500.00, with the assumption of $500.00 cash, which was purported to have been made, and the assumption of a mortgage to the Southern Trust Company for $2500.00, which will be hereinafter more fully explained, and five promissory notes of $700.00 each, which notes were lien notes upon the said property due 12, 24, 36, 48, 60 months after date, which five notes were made payable to Mrs. Caledonia Sharber, wife of the defendant, J. W. Sharber, which complainants presume that she holds the said notes, and it can be seen from the said deed that the defendant, J. W. Sharber, voluntarily made these lien notes payable to his wife, Mrs. Caledonia Sharber, which your complainants state and charge was contrived of fraud and a collusion and intent upon the part of the defendant, J. W. Sharber, for the purpose of delaying, hindering and defrauding his creditors of their just and lawful debts, and especially to delay, hinder and defraud complainants of their indebtedness against him and to eventually defeat their just and equitable right in the only real estate that he owned at the time of said conveyance, and your complainants knew nothing of this transfer of the said real estate until about February 10, 1933, several weeks after they had learned that the defendant, J. W. Sharber, had moved with his wife to Sanger, Texas, and when they learned of this fact they investigated the records and to their astonishment first learned that the defendant, J. W. Sharber, had made a conveyance of all his real estate holdings to his two daughters, Louise Sharber Vaughn and Anne Sharber Amick, and had made the said deferred lien notes payable to his wife, Mrs. Caledonia Sharber, as the deed shows upon its face. They thereupon had their attorney write the said J. W. Sharber and request that he secure them by having his wife to transfer to them enough of these lien notes to pay their indebtedness, which was refused, and your complainants, not being able to adjust their indebtedness against the said J. W. Sharber, were left no other alternative except to file this bill and attack the said transfer as a fraud upon their legal rights and ask that the same be set aside or enough of the said lien notes be attached to pay their indebtedness, as the same, they charge and state, must have been made with the express purpose of defrauding, delaying, hindering and eventually defeating the payment of their indebtedness against the defendant, J. W. Sharber. . . .

"Your complainants would further state and charge that the transfer and conveyance made by the defendant J. W. Sharber, to his two daughters, Louise Sharber Vaughn and Anne Sharber Amick, is fraudulent and void for the reason that at the time of the

said conveyance your complainants' debts were past due, owing and unpaid and that the transfer of the five vendor's lien notes of $700.00 each to the defendant, Mrs. Caledonia Sharber, wife of the said J. W. Sharber, was without consideration and was done for the purpose of hindering and delaying and possibly eventually defeating the rights of your complainants to the equity in the said real estate so conveyed, over and above whatever the mortgage debt of the Southern Trust Company might be at the present time, and with this conveyance all of the property of every nature and kind belonging to the said J. W. Sharber was disposed of, except a few book accounts, which, complainants are advised, some have been collected and some creditors of J. W. Sharber paid in full and thus creating a preference to the exclusion of your complainants, and your complainants are advised that they have the right to come into your Honorable Court and have the defendant, Southern Trust Company, to foreclose their mortgage upon such terms as are set out in the same and should there be any surplus your complainants would be entitled to the same to satisfy their judgment decree, and to have the said deed from J. W. Sharber to his two daughters, Louise Sharber Vaughn and Anne Sharber Amick, set aside as a fraud upon the rights of your complainant, and if not so declared a fraudulent conveyance then that the vendor's lien notes aggregating $3500.00, or so much thereof as will be sufficient to satisfy any judgment decree that your complainants may recover, and that the defendant, Mrs. Saledonia Sharber, be enjoined from disposing of any of the series of lien notes or in any manner negotiating the same, and that Mrs. Louise Sharber Vaughn and Mrs. Anne Sharber Amick, be enjoined from the payment of any of said series of lien notes except by the order of this Court, and that the real estate upon which said notes are a lien be attached to fully satisfy and discharge any judgment decree complainants may obtain."

The prayer of the bill is as follows:

"Premises Considered, complainants pray:

"1.   That each of the defendants named in the caption who are resident defendants be made such by service of process and copy bill and that the non-resident defendants be served with publication as required by law, and that they each be required to appear and answer complainant's bill but not upon oath which is expressly waived.

"2.   That complainant, Commerce Union Bank, have a judgment decree for the amount of their note, $1200.00 with interest from March 3, 1933, plus reasonable attorney's fees, and that complainant, J. A. Sloan Company, have a judgment decree for the

amount of their sworn account, $519.45 with interest from January 20, 1933.

"3. That the deed from J. W. Sharber and wife to his two daughters, Louise Sharber Vaughn and Anne Sharber Amick, be held to be fraudulent, null and void as against your complainant's indebtedness, and that the transfer of the vendor's lien notes to the defendant, Mrs. Caledonia Sharber, or so much thereof, be held to be liable as is necessary to satisfy any judgment decree your complainants may recover, and that she be enjoined from disposing of or in any manner negotiating the said notes, and that the said Louise Sharber Vaughn and Anne Sharber Amick be enjoined from payment of any of the series of notes except under the orders of this Court, and the real estate described in this bill be attached and held subject to the orders of the Court.

"4. That the defendant, Southern Trust Company, be required to come into Court and foreclose their mortgage against the real estate herein described, and after their indebtedness is paid, the complainants be decreed a lien against any surplus to the satisfaction of their judgment decree or that the said land be sold subject to the said mortgage if the Court should hold a foreclosure cannot be had, upon such terms as the Court may decree and order.

"5. This is the first application for writs of attachment and injunction in this cause.

"6. Complainants pray for such other, further and general relief as they may be entitled to on the hearing of this cause."

It is seen that complainants have brought their suit in a "double aspect," and that the two aspects are inconsistent and repugnant, in that, they allege that the aforesaid deed to Mrs. Amick and Mrs. Vaughn is "fraudulent and void" and pray that it be so declared and adjudged by the court, and at the same time they seek to impound and collect for their own benefit the vendor's lien notes executed by the grantees as a part of the consideration for the conveyance. This amounts to an attempt to disaffirm and to affirm the validity of the deed "in the same breath," which is not permissible. Bynum v. Ewart, 90 Tenn., 655, 18 S. W., 394; Coleman v. Pinkard, 2 Humph., 185; Montlake Coal Co. v. Chattanooga Co., Limited, 137 Tenn., 440, 193 S. W., 1057; Cunningham v. Campbell, 3 Tenn. Ch., 708, 713; Masson v. Anderson 3 Baxt. 290, 302; Dillard & Coffin Co. v. Smith, 105 Tenn., 372, 383, 59 S. W., 1010; Shields v. Barrow, 58 U. S. (17 How.), 130, 15 L. Ed., 158; Gibson's Suits in Chancery (2 Ed), section 672.

However, there was no demurrer to the bill, and the chancellor held that the complainants were not entitled to relief upon either of the aforesaid theories presented in their bill.

It seems obvious that without a showing that the purchase-

money notes executed by Mrs. Amick and Mrs. Vaughn are within the reach of the process of the court (and not in the hands of a holder in due course), and in the absence of jurisdiction of the person of Mrs. Caledonia Sharber, the payee of said notes, it would have been legally impossible for the chancellor to have impounded said notes, or any of same, for the benefit of the complainants; and the assignments of error through which appellants complain of his refusal to do so are overruled.

By their assignments of error, the appellants also assert that the chancellor erred in finding and decreeing that the aforesaid deed of J. W. Sharber and wife to Mrs. Amick and Mrs. Vaughn "was not a fraud upon the rights of complainants."

It will be observed that there is no allegation in the complainants' bill that the grantees in said deed, Mrs. Amick and Mrs. Vaughn, had knowledge of any alleged. intent and purpose on the part of J. W. Sharber and wife to delay, hinder, and defeat the complainants in the collection of their debts. However, in their answer, defendants Mrs. Amick and Mrs. Vaughn clearly and unequivocally deny that they participated in or had knowledge of any such fraudulent purpose on the part of J. W. Sharber and wife.

In their brief, appellants rely upon section 4 of the Uniform Fraudulent Conveyance Act of 1919 (chapter 125), carried into the Code of 1932 as section 7274, which provides that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

There is evidence tending to show that the effect of the deed here in question was to render J. W. Sharber insolvent within the Code definition of "insolvency" (section 7272); but the entire adequacy of the consideration stated in said deed is not challenged by pleading or evidence, and there is no evidence that the grantees, Mrs. Amick and Mrs. Vaughn, did not, in good faith, pay the $500 in cash, assume the mortgage debt to Southern Trust Company, and execute and deliver to the grantors their five promissory notes for $700 each, as they alleged in their answer.

Section 7274 of the Code, supra, is applicable only to conveyances made "without a fair consideration;" and, in the instant case, the burden was on the complainants to show the absence of a "fair consideration." Hicks v. Whiting, 149 Tenn., 411, 444, 258 S. W., 784; City National Bank v. Barnes, 164 Tenn., 450, 51 S. W. (2d). 503.

The complainants have wholly failed to discharge this burden. There is no evidence in the record which tends to show that the deed in question does not correctly recite the true consideration for its

execution, as the defendants Mrs. Amick and Mrs. Vaughn unequivocally alleged in their answer to the bill.

██ ██ There being no fraud shown in the deed of Sharber and wife to Mrs. Amick and Mrs. Vaughn, the title to the property therein described was vested in the grantees, and not in Sharber and wife, when the bill in this case was filed, and it follows that the attachment issued and levied in this case did not impound any property of J. W. Sharber or his wife, Caledonia; hence the effort of complainants to bring J. W. Sharber and wife within the jurisdiction of the court in this case was not aided by the attachment, and, as to them, the case stands on publication for non-residents without attachment of their property. In such case the allegations of the bill are not to be taken as admitted by them, although a formal order pro confesso was entered. Gibson's Suits in Chancery (2 Ed.), sec. 206.

Before this case was heard in this court, it was made to appear by appropriate proceedings that J. W. Sharber had died since the case was brought to this court; that no administrator of the estate of said J. W. Sharber, deceased, had been appointed or qualified, and that no one would administer on said estate; and, pursuant to scire facias, issued as ordered by this court in response to petition of appellants, the cause was revived against the heirs at law of J. W. Sharber, deceased, and ordered to ''stand in the same plight and condition as at the time of the death of said J. W. Sharber, deceased.''

██ Obviously this revivor was a mere formal substitution of the heirs at law of J. W. Sharber as his representatives, but gave complainants no greater rights against them as such representatives than they had against J. W. Sharber at the time of his death.

It results that the appellants' assignments of error are overruled and the decree of the Chancery Court is affirmed. The costs of the appeal will be adjudged against the appellants, Commerce Union Bank and J. A. Sloan Company, and the sureties on their appeal bond.

Crownover and DeWitt, JJ., concur.