BLUE RIDGE TRANSPORTATION CO., INC.

*v.*

HONORABLE JOHN C. HAMMER, Chairman, etc., et al.

*(Nashville,* December Term, 1957.)

Opinion filed April 9, 1958.

HAROLD SELIGMAN, RICHARD D. GLEAVES, JAMES CLARENCE EVANS, FARRIS, EVANS & EVANS, Nashville, for appellants.

JAMES C. HAVRON, Nashville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause is here on appeal from the decree of the Chancery Court of Davidson County, and involves a review of an order of the Public Service Commission, wherein it construed the scope of operating rights under a motor carrier certificate of convenience and necessity.

The Commission held with Gasoline Transport Company, Inc., and against the contention of the Blue Ridge Transportation Company, Inc. The Chancery Court reversed, sustaining the contention of Blue Ridge Transport Company.

The controversy is really between these two carriers above named, both of whom held certificates of convenience and necessity from the Public Service Commission.

It seems that Gasoline Transport Company held a certificate originally issued to one Brown in about 1945, known as Certificate No. 989. By different transfers this certificate came into the hands of Gasoline Transport Company, and this Company applied to the Public Service Commission for an interpretation of the certificate, that is, whether the transport company was confined to a regular route in the transportation of petroleum in Middle and East Tennessee, or whether it was under what is termed irregular routes. The certificate acquired by the Gasoline Company contains the following language:

"It Is Therefore Ordered, That Certificate of Convenience and Necessity No. 989 be issued to Brown Transport Company authorizing the transportation of petroleum products in bulk in tank trucks between the point and over the routes as follows:

"1. Between Jersey Tyner (Pipe Line Terminal) and Chattanooga, Tenn. via Tenn. 2A and 58.

"2. Between Jersey Tyner and/or Chattanooga and: (a) Nashville via US 41; (b) Tullahoma via US 41 and Tenn. 55; (c) Nashville via US 64 and 31; (d) Lebanon via US 41 and Tenn. 10; (e) McMinnville via US 41 and Tenn. 55; (f) South Pittsburg via US 41 and Tenn. 27; (g) Harriman via US 27 and 70; (h) Jamestown via Tenn. 27 and 28; (i) Springfield via US 41 and 41-E; (j) Clarksville via US 41 and Tenn. 112; (k) Dickson via US 41 and Tenn. 1; (1) Nashville via US 27, 70 and 70-N; (m) Sparta via US 27, 70 and 70-S; (n) Knoxville via US 11; (o) Knoxville via US 11, Tenn. 40 and Tenn. 33; (p) LaFollette via US 11 and 25-W; (q) Kingsport via US 11 and 11-W; (r) Johnson City via

US 11 and 11-E; (s) Newport via US 11 and 70; (t) Ducktown via US 64; and (u) Sevierville via US 11 and Tenn. 71; with service to, from and between all intermediate points, but restricted so as to prohibit pickup of freight at Nashville except for freight moving from Nashville to Columbia, Cookeville and Lebanon.

"3. Between Warcer (Pipe Line Terminal) and Knoxville over irregular routes.

"4. Between Knoxville and/or Warder and all points and over the routes set forth in Route 2 above; with service to, from and between all intermediate points; but restricted in accordance with Route 2 above."

The Chancellor was of the opinion that the interpretation placed on the certificate by the commission, in its opinion of January 4, 1956, was too broad and interfered with the rights of the Blue Ridge Transportation Company, Inc., and the Chancellor thereupon reversed the holding of the Commission.

It has been the policy of this Court to give every reasonable presumption in favor of the lawfulness of the Commission's order and when we find material evidence supporting the decision of the Commission this decision will not be disturbed. *Hoover Motor Express Co., Inc., v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 261 S.W. 2d 233; *Kentucky-Tennessee Light & Power Co. v. Dunlap,* 181 Tenn. 105, 178 S.W. 2d 636; *Continental-Tennessee Lines, Inc., v. Fowler,* 199 Tenn. 365, 287 S.W. 2d 22.

■ This Court will reverse a decision of the Commission only if the rights of the parties have been prejudiced because the Commission's action has been arbitrary or capricious, or affected by other error of law. T.C.A. Section 65-229.

■ We feel that the Commission was within its rights in the interpretation given the above certificate when it interpreted this section to mean that Gasoline Transport Company had a right to adopt irregular routes under Section 4 of the Certificate.

Thus we find there is material evidence to support the finding of the Commission and we think it was error of the Chancery Court in reversing the decision of the Commission, and it is so decreed.

It therefore results that the decree of the Chancellor will be reversed and the decision of the Commission affirmed.