W. M. CHAMBERS TRUCK LINE, INC., etc., Appellants,

*v.*

J. H. PARKER and W. H. WOOTEN, D/B/A WOOTEN
TRANSPORTS, Appellees.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

MACFARLAND & COLLEY, Columbia, GEORGE W. SHUFF,
Nashville, for appellants.

JAMES CLARENCE EVANS, FARRIS EVANS & EVANS, Nash-
ville, for appellees.

Mr. Justice Swepston delivered the opinion of the Court.

On certiorari to the Public Service Commission the Chancellor held void, illegal and arbitrary the two certain orders of said Commission dated respectively March 12 and April 9, 1958, granting certain authority to W. M. Chambers Truck Line, Inc. Said Truck Line has appealed from the decree of the Chancellor, assigning two errors which involve the insistence that the Court was in error in so decreeing.

The memorandum and the decree of the Chancellor are so succinct yet comprehensive and clear, and supported by the record, so that we do not feel that we can improve upon same. We, therefore, adopt the material parts of same as the opinion of this Court.

"The controversy here presented arose in consolidated hearings of applications made by several transport companies for permits to serve 'points or towns in West Tennessee' not then being served by any of the applicants under their respective certificates of convenience and necessity.

"The commission held that the defendant, W. M. Chambers Truck Lines, Inc., as transferee of Certificate of Convenience and Necessity 987-B, originally issued August 13, 1945, to W. C. Lockhart, is authorized to serve 'all intermediate points' between Memphis and the points named on the highways specified in said certificate.

"The authority granted under Certificate 987-B by order of August 13, 1945, is as follows:

" 'It is therefore ordered, That Certificate of Convenience and Necessity No. 987-B issue to W. C. Lockhart, d/b/a W. C. Lockhart Transport Company, authorizing the transportation of petroleum products in bulk in tank trucks between Memphis, Tennessee and the following points and over the following routes, to-wit: * * *' (Here are listed the names of certain towns in West Tennessee and highway routes.)

"Petitioners hold a certificate to serve 'all intermediate towns and points', except Palmersville, which the Commission held the defendant Chambers had a right to serve under its interpretation of Certificate 987-B, so they have a material interest and their rights have been prejudiced by the Commission's action in so construing said certificate, if in so doing its action was arbitrary or capricious. T.C.A. sec. 65-229.

"The only issue presented for determination is the interpretation or construction of the language used in Certificate 987-B for it is agreed that defendant Chambers' authority to serve 'all intermediate points' on the routes designated in said certificate is based upon said certificate only.

"Petitioners insist that the Commission arbitrarily read into said Certificate the words 'and all intermediate points.' On the other hand defendant Chambers insists that the Certificate, since it did not provide for 'closed doors' between any of the points named, by necessary implication authorized it to serve 'all intermediate points.'

"Neither party cites authority for their positions. Petitioner calls attention to the certificate construed in *Blue Ridge Transportation Co. v. Hammer,* 203 Tenn. 393, 398, 313 S.W.2d 431, 433, wherein the words 'all intermediate points' are used. This does not settle the question. It only shows that such words have been used in another certificate.

"Defendant refers to no case in which the words 'with closed doors' are considered by the Court. So far as this Court is advised the Courts have not established a presumption in the construction of the words used in the Certificate under consideration. To support the Commission's interpretation it must be presumed the carrier has authority to serve 'all intermediate points' since the words, 'with closed doors' between certain points, are not used.

"No question of fact is involved herein, only the construction of words used in the certificate. The Commission does not show the basis upon which it reached its conclusion.

"Certificate 987-B authorized the defendant to transport 'petroleum products in bulk in tank trucks between Memphis, Tennessee, and the following points and over the following routes, to-wit:' Many points along the designated routes are named, however many

are omitted. A motor transport company does not have any authority except that which it is granted by the Commission, so it will not be presumed that the defendant Chambers had the authority to serve any points not named in the Certificate.

■ "This Court finds that the Commission acted arbitrarily when it read into Certificate 987-B that defendant Chambers had the authority to serve 'all intermediate points.'"

Said memorandum opinion was incorporated by reference in the decree and so the Court further Held:

"The Court is of the further opinion and finds and hold, after further consideration of the original application pursuant to which Certificate 987-B was granted, the exhibits accompanying the application, the notice to the public with respect to the public hearing thereon, and the Order granting said Certificate 987-B, that none of these indicate that that original application proposed to include the points presently in controversy; therefore, any grant of the points in controversy would have been beyond the Commission's powers, and not in compliance with Title 65 T.C.A. Section 1507 (at that time, the year 1945, Section 5501.5 of Williams' Tenn.Code). The Court will not presume that the Commission intended any such illegal result when it first granted the certificate. The Court is of the further opinion that the respondent, Chambers Truck Line, Inc., cannot now rest its claim of right to serve the disputed points upon original Certificate 987-B, as it has attempted to do, for the reason that the inclusion of said points would have constituted an illegal grant of authority, as explained hereinabove.

"Wherefore, it is ordered, adjudged and decreed:

"1. That the Orders of the Tennessee Public Service Commission in Docket Nos. MC-SC-4030 and MC-3905 (consolidated dockets) dated March 12, 1958 and April 9, 1958 are illegal, null and void insofar as they purport to grant to W. M. Chambers Truck Line, Inc. any authority to transport petroleum products in bulk by motor carrier in intrastate commerce between any point in West Tennessee, on the one hand, and any of the following points, on the other. The points are:

| | |
|---|---|
| Arlington | Laconia |
| Bells | Millington |
| Bruceton | Rutherford |
| Greenfield | Shelby Farms |
| Halls | Trezevant |
| Kenton | Wynnburg |
| Henning | |

The W. M. Chambers Truck Line, Inc. is hereby restrained and enjoined from engaging or attempting to engage in the aforedescribed transportation."

The decree below is affirmed.