W. H. WHIPPLE, COMPLAINANT, APPELLANT, *v.* N. ARTHUR McKEW, *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville,* September Term, 1932.)

Opinion filed May 23, 1933.

WILKERSON, BACHMAN & WILKERSON, for complainant, appellant.

SIZER, CHAMBLISS & KEFAUVER, for defendants, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The complainant claims to be the legitimate son and sole heir of Willis Whipple, deceased, and as such entitled to his whole estate, valued at $34,000.

The Chancellor and the Court of Appeals concurred in finding that complainant was the natural son of Willis Whipple, but that the latter and the mother of complainant were never married. The evidence to sustain this finding is abundant, and is conclusive upon this court.

The assignments of error are directed solely to the finding that the parents of complainant were never married.

The theory of complainant in this court seems to be that he is presumed to be legitimate, and therefore the burden rests upon defendants to show by clear and convincing testimony that his father and mother were never married; that the other courts did not follow this rule in weighing the testimony but simply found that complainant was not entitled to the relief sought because he had failed to show a marriage between his father and mother by a preponderance of the evidence. In other words, complainant insists that the burden was on the defendants to show his illegitimacy by clear and convincing evi-

dence, which they have not done; while defendants contend that the burden was on complainant to show his legitimacy, which he failed to do.

█ The rule as to burden of proof and presumptions in such cases is thus stated in 3 Ruling Case Law, page 725:

"It has been said that the law presumes that every child in a Christian country is *prima facie* the offspring of a lawful rather than of a meretricious, union of parents, and this is true in one sense. Filiation being established, legitimacy is presumed. However, where the right to inheritance is claimed the burden is on the claimant to establish the fact that he is a legitimate heir, though after proof of filiation he will receive the benefit of the presumption of legitimacy."

From the foregoing it appears that the burden is on complainant to establish legitimacy, and we find a number of cases supporting this rule and none to the contrary.

█ It is also stated in the above text that where filiation is established, legitimacy is presumed, and in this case filiation is established by the concurrent finding of the other courts. In this situation, if no evidence as to illegitimacy had been introduced, complainant would have been entitled to the relief sought. But direct evidence, as well as very potent circumstances, were introduced and developed tending to disprove complainant's claim to heirship.

In *Frank* v. *Wright,* 140 Tenn., 535, 548, this court said: "Now presumptions are raised to take the place of proof; 'where the proofs are present there is neither foundation nor room for the presumption.' " Citing authorities.

█ The facts as to legitimacy having been developed

by both sides, the presumption relied upon no longer obtains, and the question to be decided is, Has complainant established his heirship by a preponderance of the testimony?

The text quoted above from Ruling Case Law, to the effect that where filiation is established legitimacy is presumed, was based upon the case of *Weatherford* v. *Weatherford* (Ala.), 56 Am. Dec., 208, in which that rule was announced. But, after reviewing the evidence, the court said: ''We come therefore to the conclusion that the proof of filiation is not sufficient, or rather is of that character which, while it proves filiation, disproves legitimacy, and is not sufficient to shift the onus of proof by raising a presumption of legitimacy.''

 This court has pointed out in a number of cases that where the burden is on a plaintiff to establish a fact the burden never shifts; and where a presumption arises it does not convert the defendant's general issue into an affirmative defense, but makes it incumbent on him to present his proofs; and where all the evidence is in, the question for decision is whether the preponderance is with the plaintiff. *Shockley* v. *Produce & Ice Co.,* 158 Tenn., 155; *Lewis* v. *Casenburg,* 157 Tenn., 187; *North Memphis Sav. Bank* v. *Union Bridge & Const. Co.,* 138 Tenn., 185.

 Being of the opinion, as previously stated, that we are bound by the concurrent finding of the other courts, it results that the writ must be denied.