SOUTHERN RY. CO. v. HAMILTON COUNTY et al.—138 S. W. (2d) 770.

Eastern Section. December 4, 1939.

Petition for Certiorari denied by Supreme Court, March 8, 1940.

C. C. Moore, of Chattanooga, for appellant Baker.

Cooke, Swaney & Cooke and H. B. Sullivan, all of Chattanooga, for appellee.

McAMIS, J.   The bill in this case was filed by the Southern Railway Company to restrain J. F. Baker, a deputy of the Trustee of Hamilton County appointed to collect delinquent taxes under authority of Code, Section 1565, from collecting taxes, interest, penalty and commissions assessed against it.   Prior to the filing of the bill, the Southern Railway Company tendered all of the items claimed except a 3% commission and the contest, in its present aspect, is one between the Southern Railway Company and Baker, involving only the question of the liability of the Railway Company for the commissions.

The Chancellor, after a hearing upon oral testimony, sustained the insistence of the complainant that Baker had failed to qualify by giving the bond required by Code, Section 1567, thereby causing his office to become vacated under the prescription of Code, Section 1828.   From this decree Baker has appealed and assigned errors, raising two questions:   (1) that he complied with Section 1567 by executing a bond in the sum of $5,000 made payable to the Trustee of Hamilton County and (2) that he was not an officer within the meaning of Section 1828 and, hence, if the bond filed with the Trustee was not, in fact, a sufficient compliance with Section 1567 his office and the right to the fees earned by virtue of his appointment were not forfeited.

The Chancellor's finding of facts, by agreement of the parties, has

been accepted as serving the purpose of a bill of exceptions and an extended statement of the facts is not deemed necessary.

Prior to September 1, 1938 Baker was a deputy in the office of Joel Richardson, Trustee of Hamilton County. W. O. Couch became Trustee on September 1, 1938 by virtue of being elected to that office in August, 1938. Baker had executed a bond in the sum of $5,000 to Richardson and, upon becoming a deputy of Couch, executed a bond in like amount to him. This bond, like the bond executed to Richardson, was made payable to the Trustee. After executing bond, Couch furnished Baker with a certified list of delinquent taxes amounting to $522,927.79.

The Southern Railway Company was delinquent in its taxes for 1937 to the extent of approximately $16,000. Baker, after receiving the certified list and executing the bond mentioned, went to see the local agent of the Southern Railway Company to collect said delinquent taxes but was referred to the Atlanta office. On the 26th day of September 1938, the Southern Railway Company tendered to Richardson, the Trustee, and to Baker, the amount of said taxes, but did not tender the interest, penalty and a commission of 3% claimed by Baker as special delinquent tax collector or deputy. (The commission allowed the delinquent tax collector by law was 7% but Baker was only claiming 3%.) The first tender, $16,708.49, and then a tender of $17,711, the interest and penalty amounting to $1,002.51 being added to the last tender, were both declined by the Trustee. The latter tender included everything claimed except the commission due Baker which, as already stated, is the only item now involved.

After these tenders were declined, Baker issued a distress warrant and placed it in the hands of a deputy sheriff who went to see the local agent of the Southern Railway Company. The deputy sheriff was told that the matter would be taken care of and no levy was made at that time. Within a day or two the injunction bill was filed in this case.

■■ We think the Chancellor was correct in holding that Baker was an officer within the meaning of the statute. In Davis v. Williams, 158 Tenn., 34, 12 S. W. (2d), 532, it was held that one designated delinquent poll tax collector who had a prescribed term of office, was required to give bond and take an oath of office and whose powers and duties, as well as the amount of compensation for services performed, were fixed by statute was clothed with all the attributes of a public officer. The appointment of deputies under Section 1565 is purely statutory, the statute fixing his powers, duties and compensation. By Code, Section 1820 deputies are required to take the oath of office before entering upon the discharge of their duties. So it is that a deputy trustee appointed under Section 1565 possesses the same attributes mentioned in Davis v. Williams except a fixed term of

office. Where a deputy's term is not fixed by statute, the duration of his term is at the pleasure of the appointing power. 46 C. J., 1062.

In Reves v. State, 11 Lea, 124 and State ex rel. v. Slagle, 115 Tenn., 336, 89 S. W., 326, a deputy sheriff was held to be an officer. In the latter case reference was made to the statutory authority for the appointment of deputy sheriffs and it was held that, notwithstanding the fact that the bond of such deputies ran in the name of the sheriff to whom the deputy is responsible for his official acts, his rights and powers derive from the law and his duties are those of an officer of the law.

It is generally held that where provision is made by statute for the appointment of deputies, such deputies are regarded as public officers. Wells v. State ex rel. Peden, 175 Ind., 380, 94 N. E., 321, Ann. Cas., 913C, 86; 46 C. J., 1062.

Having given bond and received a certified list of delinquent taxes, it is clear that the statute contemplated that such deputy should act independent of any authority from the Trustee. The statute expressly provides that the bond of such deputy shall be made payable to the State of Tennessee and filed with the County Court Clerk. Sections 1568 and 1569 refer to deputies appointed under Section 1565 as officers and Section 1570 provides that suit upon the bond may be brought by the Trustee or by the District Attorney of the State.

We think it is clear that the lawmaking body regarded such deputies as officers and intended that bonds executed by such deputies should be for the protection of the public and not the Trustee who made the appointment.

It is not insisted that Mr. Baker is entitled to the commission as a de facto officer and it follows that if the Chancellor was correct in holding that he was an officer he was also correct in holding that, under Section 1828, his failure to file the bond required by law vacated his office with the result that complainant was within its rights in refusing to pay the commission or fees of his office. It does not appear that any attempt was made to comply with the statute either in giving bond conditioned as required or taking the oath of office and there was no substantial compliance with the statutory requirement with respect to giving bond for the reason that the amount of the bond was wholly inadequate and was not made payable to the State of Tennessee or filed with the County Court Clerk as required.

For the reasons indicated, we find the assignments without merit and it results that the decree of the Chancellor must be affirmed with costs.