KENTUCKY-TENNESSEE LIGHT & POWER CO. *v.* DUNLAP,
CHAIRMAN OF RAILROAD AND PUBLIC UTILITIES COM-
MISSION, ET AL.

(*Nashville,* December Term, 1943.)

Opinion filed March 4, 1944.

106

STOUT & PORTER, of Clarksville, for complainant.

JEROME TEMPLETON, of Jellico, THOS. H. PEEBLES, JR., of Columbia, and LEON JOUROLMON, JR., of Knoxville, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The Kentucky-Tennessee Light & Power Company filed its original bill in Part II of the Chancery Court of Davidson County against the Railroad & Public Utilities Commission of Tennessee, complaining of an order of the Commission reducing the rates for electricity at Jellico, Tennessee, upon the following grounds: (1) That the order was confiscatory; and (2) that it violated the Fourteenth Amendment to the Constitution of the United States in that "it was arbitrary, capricious, and illegal, in that the hearing provided by the express provisions of Section 5450 of the Code was denied the Company." The bill prayed (1) that proper process issue to compel the defendants to appear and answer, etc., and that "notice of the filing of this petition be given" as provided by Section 9010 of the Code; (2) that the writ of *certiorari* be issued directing defendants to certify and forward to the court a complete transcript of the proceedings had before the Commission including all the proof, and that complainant be given a trial *de novo* upon the issues raised in the bill.

The writ of *certiorari* was issued in accordance with the prayer of the bill and later the writ of *supersedeas* was issued. The original bill was later amended to allege that the order of August 23, 1939, complained of, was made "without ascertaining or fixing the fair valuation of complainant's properties in Tennessee and used in rendering electric service at Jellico, Tennessee, and that the order was illegal and in violation of the Fourteenth Amendment to the Constitution of the United States." The defendants, Porter Dunlap, Chairman, Leon Jourolman, Jr., and W. D. Hudson, in their official capacity, the three

of them constituting the Commission, appeared and answered the bill, denying all the material allegations therein. The Chancellor, in a written opinion filed with the record, found as a fact that the Company had been denied a hearing by the Commission in violation of Code, section 5450, and that the order was null and void. He also held that the act of the Commission amounted to a denial of the due process clause of the Fourteenth Amendment of the Constitution of the United States. This was the only question passed upon by the trial judge. The Commission prayed and was granted an appeal to the Supreme Court, but the cause was transferred to the Court of Appeals, this Court being of opinion that the appeal should have been to that Court, as provided by Section 1, Chapter 46, of the Public Acts of 1935. The Court of Appeals affirmed the decree of the Chancellor.

The record shows a concurrent finding of fact that the Company had not been given a legal hearing by the Commission; that the trial of the case before the Commission had not been completed when the final order was entered. On page 10 of the Court of Appeals' opinion it is said: "We concur in the findings of fact of the Chancellor and his conclusions of law, and adopt them as the opinion of this Court insofar as they dispose of the questions here for determination." When the case was heard in the Court of Appeals the Commission for the first time raised the question of the jurisdiction of the Chancery Court to hear the cause. Responding to this contention of appellant that the Court was without jurisdiction, it was held: "The bill is not a review of the merits of the controversy as to the correctness of the rates at Jellico, although much is said in the pleadings and the testimony on this subject. The issue in this cause is the validity

or legality of the order requiring a reduction of rates." The Commission earnestly contends that the question of jurisdiction is controlled entirely by Chapter 46 of the Acts of 1935, which was an act amending Chapter 23 of the Code creating the Railroad and Public Utilities Commission. Section 1 of the act reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That from and after the passage of this Act any appeal, order, decision, ruling or action of the Railroad or Public Utility Commission, affecting any Utility as defined in the above Chapter, exclusive of railroads or common carriers, or any company engaged in the transmission of intelligence or communications shall be filed in a Court of record of competent jurisdiction in the county in which the dispute or matters in controversy arose; and no other *nisi prius* Court of this State shall have jurisdiction to hear and determine such appeal. In the event of an appeal from the judgment or order of Circuit or Chancery Court reviewing such order, or judgment, such appeal shall be prosecuted to the Court of Appeal in the grand division of the State in which the dispute or matters in controversy arose; and any appeal therefrom shall be perfected to the Supreme Court of Tennessee.

"Sec. 2. Be it further enacted, That all laws or parts of laws in conflict herewith are hereby repealed."

It cannot be doubted that the intention of the Legislature in the foregoing statute was to confer jurisdiction upon *nisi prius* courts of the county in cases involving any "order, decision, [or] ruling" of the Commission *affecting* the defendant utility. The Company contends, however, that the primary object and purpose of the bill in the instant case was to have the Chancery

Court of Davidson County decree that the order of the Commission was null and void because it had violated Section 5450 of the Code in not giving the Company a hearing. We think the learned Court of Appeals was in error in holding that the Chancellor had jurisdiction of the cause. The theory upon which the Court bases its judgment is that the bill only sought a review of an order alleged to be null and void and that the question of rates to be charged for electric service at Jellico was not involved. Upon due consideration of the record, we think the order complained of was not wholly void but, at most, was voidable at the instance of the Company. Every order, ruling, and decision of the Commission is presumed to be lawful and in the absence of any evidence to the contrary must be upheld. In other words, there is a presumption, before any rates are ordered to be put into effect, that the commission complied with its legal duty as prescribed in Section 5450 of the Code by giving the Company proper notice and a hearing. Chapter 46 of the Acts of 1935 is very broad in providing for a review by the courts of any "order, decision, [or] ruling" of the commission affecting certain utility companies. It expressly provides that appeals from any "order, decision, ruling, or action of the Railroad or Public Utility Commission, affecting any Utility as defined in the above Chapter," etc., "shall be filed in a Court of record . . . in the county in which the dispute or matters in controversy arose; and no other *nisi prius* Court of this State shall have jurisdiction to hear and determine such appeal." It cannot be doubted that the order of the Commission in the instant case was one affecting the complainant Company. It was voidable and not wholly void because the Company could waive its right to an

oral argument of the matters involved as well as the presentation of additional evidence. The Company could elect to proceed to a final decision even though the order might have been invalid as a matter of law.

■■ While the dispute or matter in controversy related to the reduction of rates at Jellico, we think it embraced every step necessary to be taken by the Commission to put such rates into effect. The Court would not be justified in holding that preliminary steps, necessary to the making of rates, are not a part of the dispute. It was the intention of the Legislature to have every phase of any dispute disposed of by *nisi prius* courts in the county where the utility's operation is made the subject of an order by the Commission. The controversy should not be disposed of by piecemeal. We see no point in holding that the Chancery Court at Nashville has jurisdiction as to one phase of the dispute, that is, whether or not the Company was given a legal hearing, and the Chancery Court of Campbell County exclusive jurisdiction to pass upon the legality of rates made pursuant to such orders. The result of such a holding would be to permit the complainant to split its cause of action, which is contrary to all rules of proper procedure. It is insisted by the complainant Company that the Commission waived the question of jurisdiction by its appearance and filing an answer to the bill. We are unable to assent to this contention for the reason that this is not a transitory cause of action. In one of our early cases, *Agee* v. *Dement*, 20 Tenn., 332, it was held:

"Jurisdiction of Subject-Matter. The want of jurisdiction . . . of the subject matter in dispute cannot be cured by appearance, by plea, by consent, or in any other way whatever; but the judgment is 'and must re-

main to all intents and purposes absolutely null and void. [*Acc. White* v. *Buchanan*, 6 Cold., 32, 33; *Noel* v. *Scoby*, 2 Heisk., 20, 28; *Ferris* v. *Fort*, 2 Tenn. Ch., 147, 150; *Houser* v. *McKennon*, 1 Baxt., 287, 288, all citing this case. See, also, *Dixon* v. *Caruthers*, 9 Yerg., 30.]"

In *Chambers* v. *Sanford & Treadway*, 154 Tenn., 134, 137, 138, 289 S. W., 533, 534, it is said:

"Jurisdiction of the subject-matter is not waived by appearance and may be taken advantage of at any stage of the proceeding, for in such cases the judgment would be *coram non judice.*" Citing cases.

The distinction between a local and transitory cause of action is stated by Mr. Justice LANSDEN in *Mattix* v. *Swepston*, 127 Tenn., 693, 697, 155 S. W., 928, 929, as follows:

"A true statement of the test between a local and a transitory action is whether the injury is done to a subject-matter which, in its nature, could not arise beyond the locality of its situation, in contradistinction to the subject causing the injury."

But leaving aside the distinction thus so clearly drawn, we think the statute makes the cause of action before us strictly local in nature. We therefore re-affirm the principle announced in *Agee* v. *Dement* and *Chambers* v. *Sanford & Treadway, supra,* that the Chancellor not having jurisdiction of the subject matter of the dispute, it "cannot be cured by appearance, by plea, by consent, or in any other way whatever."

Contention is further made by the complainant that this cause is not properly before the Court (1) because the petition for the writ of *certiorari* to the Court of Appeals wholly fails to meet the requirements of the statute as well as Rule 12 of the Court, and (2) that the

appeal to this Court was improvidently granted by the Court of Appeals, the same being unauthorized by law. The first of these contentions must be sustained for the reason that there is no statement in the petition for *certiorari* as to the nature of the case or in what manner the petitioner is prejudiced by the judgment and decree of the Court. It does not pretend to state even the substance of the case. As to the right of appeal from the Court's decree and whether or not the appeal was authorized by law, reliance is had upon the provision of the Acts of 1935, *supra*, the same being as follows:

"In the event of an appeal from the judgment or order of Circuit or Chancery Court reviewing such order, or judgment, such appeal shall be prosecuted to the Court of Appeals in the grand division of the State in which the dispute or matters in controversy arose; and any appeal therefrom shall be perfected to the Supreme Court of Tennessee."

It is earnestly urged upon us by able counsel for the complainant that the foregoing provision of the statute means "appeals in accordance with established practice, which is a review by the writ of *certiorari*," and that to construe it otherwise "would bring it in conflict with Article II, section 17, of the Constitution, which provides that no bill shall become a law which embraces more than one subject, that subject to be embraced in the title." It is also contended that such a construction would conflict with Article XI, section 8, of the Constitution, which provides: "The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land." Responding to these contentions, we find that the act in question

was passed as an amendment to the statute creating the Railroad and Public Utilities Commission. The caption of the act is as follows:

"A Bill to be entitled: 'An Act to amend Chapter 23, of the Code of Tennessee, being a chapter creating railroad and public utilities commission, and all acts amendatory thereof, so as to provide for an appeal from, or review of, orders, judgments, decrees and regulations of said commission.' "

The body of the act is not broader than the caption. Both the caption and the act relate to the matter of review by *nisi prius* courts, and appeals therefrom of orders, rulings, and acts of the Commission affecting certain utilities. It is argued with considerable force that there is nothing in the caption of the act giving notice of a broad appeal from the Court of Appeals to the Supreme Court, and hence this provision in the body of the act is invalid. We are unable to give our assent to such a strict construction of the act. The term "appeal" as used clearly indicates the right to take the case to a *nisi prius* court, and then to an appellate court for review, i. e., to the Court of Appeals, and from that court to the Supreme Court. The utility involved may as a matter of right invoke the jurisdiction of a Circuit or Chancery Court to have a hearing *de novo* as to any and all orders and acts of the Commission, and its rights in this regard are not dependent upon the granting by the trial court of the writ of *certiorari*. Moreover, its right to a review of the judgment and decree of the trial court is not confined to the limits of a petition for *certiorari*. This contention of the complainant must be overruled.

It is further contended by complainant that the act is "class legislation of the most arbitrary and

vicious kind;" that there is no "good reason why Section 10629 of the Code should be suspended for the benefit of the Railroad and Public Utilities Commission or of certain other utilities," such as electric utilities, gas companies, and water companies. We can see no constitutional inhibition against the right of the Legislature to authorize an appeal in certain cases involving a public interest from judgments and decrees of the Court of Appeals to this Court, such as rates to be charged by electric power companies. The Legislature in passing the amendatory act here under consideration manifestly had in mind the speedy hearing and disposition of such cases and that there should be a full and complete hearing of the questions involved, unhampered by any technical rules of procedure. In this connection it is proper to observe that the Legislature in passing the act was doubtless influenced by the vast development of electric power in Tennessee, and deemed it necessary in the public interest that there should be a broad review of all orders, decisions, and acts of the Railroad and Public Utilities Commission relating to services by electric, gas, and water companies. We do not think the classification found in the act is arbitrary and unreasonable. If, however, we should concede that the Legislature has made an unreasonable classification, the constitutional objection cannot be invoked in the instant case because the obligations, immunities, and privileges of the act apply with equal force to both complainant and the defendant. In Volume 11, Am. Jur., Constitutional Law, Sec. 111, it is said: "Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights." We

think the principle thus stated is applicable in the instant case and is supported not only by our own cases but by the great weight of authority. The complainant should not be heard to complain that an act is vicious class legislation where its benefits are equally available to it as they are to its adversary. As between the parties to this lawsuit, the law makes absolutely no distinction.

The motion of complainant to dismiss the appeal is overruled and defendant's assignment of error to the action of the Court of Appeals in holding that the Chancery Court of Davidson County had jurisdiction of the cause is sustained. The bill is dismissed without prejudice.