IN THE MATTER OF THE ESTATE OF MILTON W. WILLIAMS, Deceased.

378 S. W. 2d 775

(*Jackson*, April Term, 1964.)

Opinion filed May 8, 1964.

HUGHIE RAGAN, Jackson, for petitioners-appellants.

MARTIN EXUM, WHIT LAFON, Jackson, for administratrix-appellee.

MR. JUSTICE FELTS delivered the opinion of the Court.

Milton W. Williams, a resident of Madison County, died in 1959, leaving surviving him his widow, Hesta B. Williams, but no child or descendant. The county court appointed her administratrix of his estate. She was assigned homestead and dower in his realty, and she administered his personalty. On March 24, 1962, she made a final settlement, and the court entered a decree approving the settlement and discharging her and the sureties on her bond.

On September 6, 1963, the children and grandchildren of Lonnie Williams, a deceased brother of Milton W. Williams, filed a petition in the county court to set aside that court's former order approving the administratrix's settlement of the estate and to set aside the settlement.

The grounds alleged for this relief were the following:

(1) The county court clerk had not served any of petitioners or their attorney with notice of the clerk's taking of the administratrix's account five days before the time for taking the same, as required by T.C.A. sec. 30-1104, which provides that no account of any personal representative shall be taken until the clerk taking such accounting shall have served such notice on the "parties interested."

(2) That at the time said accounting and settlement was made, there was on file in the county court a paperwriting which had been produced by Hesta Williams and probated by the county court in common form as the will of Milton W. Williams, deceased.

(3) That said Hesta Williams had received, or should have received through her attorney, information that this will would be contested, and the same was later contested and declared invalid in the Circuit Court, and a transcript of the record from the Circuit Court is being remanded to the county court for further proceedings.

An answer to this petition was filed by Hesta Williams, administratrix, asserting that since the administration involved only the personalty of the estate of Milton W. Williams, deceased, and that since he had left no child or descendant, but only his widow, all of such personalty, after payment of debts, passed to her under the statute (T.C.A. sec. 30-201), and that petitioners had no interest in such personalty and were not entitled to notice under T.C.A. sec. 30-1104.

This matter was heard before the county judge upon the pleadings, without the introduction of any evidence,

the parties apparently treating the answer as a demurrer to the petition and the pleadings as raising only the question of whether any of the grounds stated by the petition were legally sufficient to entitle petitioners to any relief. The trial judge held that the petition was not well taken and should be dismissed, and he accordingly entered a decree dismissing the petition.

Petitioners prayed and were granted an appeal to this Court, and an order was entered signed by counsel reciting that all the parties consented to an appeal direct to this Court. This course was pursued under T.C.A. sec. 27-402, providing that in "all cases in which jurisdiction of the county court is concurrent with the circuit or chancery courts, or in which both parties consent, the appeal lies direct to the Court of Appeals or Supreme Court, as the case may be."

■ And it seems that the parties regarded the appeal as lying to this Court, rather than to the Court of Appeals, upon the idea that the case had been finally determined below upon the pleadings, in a "method not involving a review or determination of the facts." T.C.A. sec. 16-408. So we think we have jurisdiction of this appeal.

■ We think, however, there is no merit in the appeal. We agree with the county judge that the petition was not well taken and was properly dismissed. It stated no legally sufficient ground to justify granting the relief sought. The record showed without dispute that Milton W. Williams left no child or descendant and that, therefore, his widow was entitled to all the surplus of the personal property of the estate after payment of debts. T.C.A. sec. 31-201.

So, it is clear that petitioners had no interest in the surplus of the personal property; and that they were not "parties interested" so as to be entitled to notice under the statute (T.C.A. sec. 30-1104. 2 Phillips' Pritchard on Wills and Administration, 3rd ed., sec. 788, p. 329); and that their petition stated no ground to justify the county court in setting aside its former order approving the settlement of the administratrix.

All of the assignments of error are overruled and the judgment of the county court is affirmed. The costs of the appeal are adjudged against petitioners-appellants.