DAVID M. PACK, Commissioner, Department of Insurance and Banking, Appellant,

*v.*

ROYAL-GLOBE INSURANCE COMPANIES, Appellees.

457 S.W.2d 19.

(*Nashville,* December Term, 1969.)

Opinion filed May 4, 1970.

Petition for Rehearing Denied July 20, 1970.

454

GEORGE F. MCCANLESS, Attorney General, and C. HAYES COONEY, Assistant Attorney General, Nashville, for appellant.

JAMES F. NEAL, Nashville, for appellees.

MR. SPECIAL JUSTICE W. J. SMITH delivered the opinion of the Court.

Royal-Globe Insurance Companies, a related group of insurance companies, of which the appellees are members, made application to the Commissioner of the Department of Insurance and Banking, for a twenty-five (25%) per cent rate increase for private passenger automobile liability insurance to be written in Tennessee. The filing amounted to a statewide upward deviation from existing bureau rates. The request for the increased rate was filed in December 1967, pursuant to T.C.A. sec. 56-603 et seq. The request was denied.

In September 1968, the Insurance Rating Board, of which petitioners Royal-Globe Insurance Companies are members, filed a request for a premium rate increase on behalf of all its members. This request was denied in October 1968. On March 3, 1969, the Commissioner denied the proposed upward deviation for the reason that the statistics furnished by the companies did not justify the filing or increase requested. Thereupon the Insurance Companies requested, and were granted, a hearing as provided by statute, which hearing was held on May 5, 1969, when petitioners, the Insurance Companies presented oral and written evidence purporting to support the requested increase rate.

On June 4, 1969, the Commissioner, by letter, affirmed his previous denial of the increase rate requested, stating that he had reviewed the filing, together with the testimony given at the hearing, and that the evidence offered

in support of the requested rate increase was not sufficiently preponderant to merit an affirmative decision.

Thereafter, the Insurance Companies filed their petition in the Circuit Court at Nashville for the common law writ of certiorari to review the rulings of the Commissioner.

The case was heard before Honorable James M. Swiggart, Circuit Judge, upon the petition, the answers and the transcript of the proceeding before the Commissioner.

The trial judge entered an order finding that the Commissioner's orders of denial of May 8, 1969 and June 4, 1969, were "legally insufficient" and said orders were vacated and set aside, "and the proceedings are hereby remanded to the Commissioner for reconsideration. * * * Jurisdiction of this cause is retained in this Court for such further proceedings and action as may be appropriate."

Upon the Court granting the common law writ of certiorari the Commissioner filed a lengthy answer to the petition and also to a motion by the Insurance Companies for a summary judgment in their favor. The Commissioner stated in his answer, in substance, that based upon matters contained in the filing, the testimony of witnesses at the hearing and upon the entire record, his opinion was that the proposed revision of automobile liability and property damage rates did not meet the applicable requirements contained in T.C.A. sec. 56-602(4) that rates must be fair, reasonable, adquate and not unfairly discriminatory. He denied that his findings were without support. He admitted that he was required to consider past and prospective loss experience within and outside the state. That he considered and weighed the fact that

petitioners did not include in the filing any evidence of loss experience outside the state; that he found that the "inflationary trend factor", a material factor relied upon in the filing as a means of having prospective loss experience which was not shown to a reliable, rather than a conjectural means of showing prospective loss experience as a basis for its requested rate revision.

That the annual statement filed for the year 1968 reflected an aggregate net income of $3,672.50 after federal income tax of $4,838,614.00, together with dividends to stockholders in the amount of $13,293,032.00 during the same period. He denied that his disapproval of the proposed rates was arbitrary, capricious, unlawful, and without support in the record.

He denied that he erroneously concluded that he could consider dividends paid to stockholders in passing on proposed rates and states that T.C.A. sec. 50-602(1) authorizes and directs him to consider this factor under the factor of reasonable margin for profit. That at the hearing petitioners were allowed to present all the evidence they desired to present in support of their finding.

In further response to the remand David M. Pack filed an answer in which he stated that he vacated the office of Commissioner of the Department of Insurance and Banking on September 3, 1969, and was on the same date appointed Attorney General and Reporter of the State of Tennessee. That on September 5, 1969, Milton P. Rice was appointed Commissioner of the Department of Insurance and Banking, and that he has no express legal authority to decide the question proposed by the Court by amending or modifying the previous ruling by former Commissioner Pack.

458

On December 2, 1969, the Trial Judge filed a written opinion in the case which was made a part of the record, and on December 9, 1969, entered judgment in which he held:

"1. The petitioner was denied a fair hearing on the issue of the relation of income from investments of loss reserves and unearned premiums to premium rates.

"2. The conclusions stated by the Commissioner in his rulings do not meet the requirements of the statute for disapproving a rate filing.

"3. The conclusions of the Commissioner are not supported by any evidence in the record.

"4. The Commissioner fails to specify in what respect he finds the filing to be either unfair, or unreasonable, or inadequate or unfairly discriminatory.

"5. The Commissioner has failed to determine that the filing does not meet the requirements of Chapter 6 of Title 56 T.C.A.

"6. The Commissioner's attempted disapproval of petitioner's filing is arbitrary and illegal.

"7. Inasmuch as the Commissioner has totally failed to disapprove petitioner's filing according to law, Section 56-603(c) requires that the subject filing be deemed approved by the Commissioner."

And it was the further judgment of the court that: "the filing of Petitioner dated February 17, 1969, be, and the same hereby is, deemed approved by the Commissioner." From which judgment the Commissioner prayed, and was granted an appeal to this Court.

The first question we are to determine is whether this Court has jurisdiction.

In *King v. King*, 164 Tenn. 666, 51 S.W.2d 488, it was held that "The jurisdiction of this Court, * * * extends to all cases determined in the trial court on demurrer or *other method* not involving a review or determination of facts." (Emphasis supplied).

■ As the issue here neither involves a review nor a determination of the facts, we hold this Court does have jurisdiction of the case. *Long v. National Bureau of Casualty Underwriters*, 209 Tenn. 435, 354 S.W.2d 255; T.C.A. sec. 16-408; *Hoover Motor Express Co. v. Railroad & Public Utilities Comm.*, 195 Tenn. 593, 261 S.W.2d 233; *In Re Williams' Estate*, 213 Tenn. 707, 378 S.W.2d 775. We hold this Court does have jurisdiction of the appeal.

■ The first assignment is that the Court erred by retaining jurisdiction of the case after holding that the Commissioner's ruling, after a public hearing (T.C.A. sec. 56-603(g)) was "legally insufficient." This assignment of error is overruled. Such practice was followed in *Long v. National Bureau of Casualty Underwriters*, 209 Tenn. 435, 354 S.W.2d 255. "If a board or commissioner has failed to make an essential finding and the record on review is insufficient to provide the basis for a final determination, the proper procedure for the court is to remand the case for further proceedings before the board." 42 Am.Jur. p. 689, sec. 248; *So. Bell T. & T. Co. v. Tenn. Public Service Comm.*, 202 Tenn. 465, 304 S.W.2d 640.

The next five assignments of errors will be considered together, and are: (2) the court erred in finding that appellees were denied a fair hearing; (3) that the Commissioner's conclusions or reasons for denying the rate filing did not meet the applicable statutory requirements; (4) because appellant's conclusions were not supported by any evidence in the record; (5) that appellant's rulings were illegal and arbitrary; and (7) that appellant's rulings were not made according to the applicable law, and the rate filing was deemed approved as a matter of law.

The case was in the trial court on the common law writ of certiorari, and a review there was limited to a determination whether the inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally. *Hoover Motor Express Co. v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 261 S.W.2d 233, and only questions of law will be reviewed. *Southern Bell T. & T. Co. v. Tenn. Public Service Commission,* 202 Tenn. 465, 304 S.W.2d 640; *Boyd, Commissioner v. General Motors Acceptance Corp.,* 205 Tenn. 658, 330 S.W.2d 13; *Fentress County Beer Board v. Cravens,* 209 Tenn. 679, 356 S.W.2d 260; *Reddoch v. Smith,* 214 Tenn. 213, 223, 279 S.W.2d 641.

T.C.A. sec. 56-603(a) provides that "Every insurer shall file with the commissioner every manual of classifications, rules and rates, every rating plan and every modification of any of the foregoing which it proposes to use. Every such filing shall indicate the character and extent of the coverage contemplated and shall be accompanied by the information upon which the insurer sup-

ports the filing. The insurer may incorporate by reference into its filing all or any part of any existing filing and supporting information in the commissioner's possession which is open to public inspection. * * *''

And sec. 56-603(c) ''Any filing made pursuant to this section shall be approved by the commissioner unless he determines, after due consideration, that such filing does not meet the requirements of this chapter. As soon as reasonably possible after the filing has been made the commissioner shall in writing approve or disapprove the same; provided, that any filing except with respect to workmen's compensation shall be deemed approved unless disapproved within thirty (30) days.''

And subsection (e) of sec. 56-603 ''In the event that the commissioner disapproves a filing he shall specify in what respect he finds that such filing does not meet the requirements of this chapter.''

T.C.A. sec. 56-613(e) provides: ''In every case where, pursuant to the provisions of this chapter, the commissioner is authorized or required to determine whether rates are fair, reasonable and adequate, and not unfairly discriminatory, he may avail himself of the services of such experts as he may deem necessary or advisable for that purpose.''

In *Southern Bell T. & T. Co. v. Tenn. Public Service Comm.*, 202 Tenn. 465, 304 S.W.2d 640, it is said that ''after the Commission has fixed the rate, there is a presumption that this rate is correct, *and any party complaining about the rate has the burden of proving that it is illegal or unjust and unreasonable. Kentucky-Tennessee Light & Power Co. v. Dunlap,* 181 Tenn. 105, 178

S.W.2d 636.'' (Emphasis supplied) The same rule is applicable in this case.

In the case of *Boyd, Commissioner of Finance and Taxation v. General Motors Acceptance Corp.*, 205 Tenn. 658, 330 S.W.2d 13, the case involved a seized automobile by the commissioner which had been used in the transportation of contraband whiskey. The holder of a conditional sales contract sought a review of the action of the commissioner by the common law writ of certiorari. The Court in passing on the question had this to say:

"Such a writ does not bring up for determination any question except the question of whether the Commissioner exceeded his jurisdiction, or acted illegally, arbitrarily or fraudulently. Under such a writ questions of law only are reviewed by the Court. [They] do not permit the introduction of additional evidence by the Court granting the writ and the review is on the record as made up before the hearing officer. The court is limited to whether or not this hearing officer has exceeded his jurisdiction or acted fraudulently, illegally, or arbitrarily. *If there is any material evidence to sustain the finding of the hearing officer under such circumstances, and there is no illegal, fraudulent or arbitrary action therein, the court must sustain the finding of the hearing officer. Putnam County Beer Board v. Speck*, 184 Tenn. 616, 201 S.W.2d 991.'' (Emphasis supplied). 205 Tenn. 668, 330 S.W.2d 17.

The holding of the Court that if there is any material evidence to sustain the board's or commissioner's finding its or his action should be affirmed is followed in *Memphis v. Sherwood Building Corp.* 208 Tenn. 17, 343 S.W. 2d 869.

The Court in discussing the statute under consideration in *Long v. National Bureau of Casualty Underwriters,* 209 Tenn. 435, 442, 354 S.W.2d 255, had this to say:

"Sub-sections 1, 2 and 3 of T.C.A. 56-602 set forth the factors that the Commissioner shall consider in making his determination. These sub-sections provide that risks may be classified and grouped for rates and minimum premiums; and the Commissioner in fixing rates shall give consideration to:

"1. Prospective loss experience both within and outside the State of Tennessee.

"2. Past loss experience within and outside the State.

"3. Catastrophe hazards, if any.

"4. A reasonable margin for profit and contingencies.

"5. Policyholders' dividends in the case of participating insurers, and

"6. All other relevant factors within and without the State.

"If the Commissioner reached his decision from a consideration of the specified factors enumerated in the Statute, and from other relevant factors, we cannot substitute our judgment and vacate his decision. *Dunlap, et al. v. Dixie Greyhound Lines, et al.,* 178 Tenn. 532, 160 S.W.2d 413; *Tenn. Central Ry. Inc. v. Pharr, et al.,* 29 Tenn.App. 531, 198 S.W.2d 289; 42 Am.Jur. sec. 211, pp. 226-633." 209 Tenn. 442-443, 354, S.W.2d 259.

In his sworn answer the Commissioner, appellant, admitted that a public hearing was held on May 5, 1969, and that said hearing was attended by him and several members of his staff and by representatives of the petitioner. He admits that the experience data furnished by petitioner showed, among other things, losses incurred in 1966 and 1967, however the petitioner's annual report to its stockholders for the year 1968 showed (1) on automobile liability bodily injury insurance direct premiums earned in the amount of $883,900.00 and direct losses of $501,933.00 and (2) on automobile liability property damage insurance, direct premiums earned of $347,617.00 and direct losses of $266,440.00 and (3) on automobile physical damage insurance, direct premiums earned $331,-889.00 and direct losses of $255,670.00.

In denying the rate increase after the hearing on May 5, 1969, the Commissioner in his letter of June 4, 1969 said, among other things,

"I have reviewed this filing, together with the testimony given at the aforementioned hearing, and it is my opinion that the evidence offered in support of the requested rate increase was not sufficiently preponderant to merit an affirmative decision.

"Therefore, in accordance with sec. 56-603(g), Tennessee Code Annotated, I am re-affirming the previous denial made in my letter directed to your companies on March 3, 1969."

It is further held in *Long v. Natl. Board of C. Underwriters*, supra, that:

"While the Statutes authorize insurance companies to make application for approval of proposed rates in

groups, it also requires the Commissioner to give due consideration to those matters specifically enumerated under T.C.A. 56-602, which provide that 'all rates shall be made in accordance with provisions 1, 2 and 3 of said Statute. Clearly, by these provisions, the Commissioner is not limited in his consideration to the loss experience shown in the filings of the group * * *.''

And again:

"The Statute does not define the weight to be given to any one of the factors required to be considered. That is left to the discretion of the Commissioner. In the exercise of that discretion he should not be swayed to either sympathy or prejudice, but he must consider what is fair, just and reasonable to the insuring public as well as to the insurance companies. On this question his decision is final and not reviewable by the Courts. * * *

"Finally, as the proof is not before us, we must presume that the Commissioner properly complied with the duties of his office, and that his findings are supported by the proof. *Kentucky-Tennessee Light & Power Co. v. Dunlap*, 181 Tenn. 105, 178 S.W.2d 636; 20 Am.Jur. secs. 170-173, pp. 174, 180; 43 Am.Jur. sec. 511, p. 254.''

■ The common law writ of certiorari is granted where an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the Court, there is no other plain or adequate remedy.

■ The phrase "exceeding the jurisdiction conferred", and the phrase "acting illegally," both refer to

actions by such inferior tribunal beyond, not within, its jurisdiction. Referring to the phrase "acting illegally", this Court, in the Hunt case, supra, [*State ex rel. McMorrow v. Hunt*, 137 Tenn. 243, 251, 192 S.W. 931, 933] said:

"Without undertaking to define that phrase of the statute with exactness or to say what it includes, we think it clear that the common-law writ, as distinguished from the statutory writ, or certiorari in lieu of appeal, may not be resorted to for the correction of technical or formal errors, not affecting jurisdiction or power, or for the correction of defects that are not radical, amounting to an illegality that is fundamental, as distinguished from an irregularity."

In that case it was further said, referring to the common law writ of certiorari:

"*The writ has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction,* and was therefore competent. * * *" (Italics ours). 137 Tenn. 250, 192 S.W. 933; *McGee v. State*, 207 Tenn. 431, 434, 340 S.W.2d 904.

The trial court in his opinion stated, "It is obvious that the Commissioner has followed an unwritten rule not only that the insurer has the burden of proof but it has also the burden of persuasion to the personal satisfaction of the Commissioner * * * In ordinary language, the Commissioner must approve the filing unless he can find something wrong with it in terms of the requirements of sec. 56-602, and he must be specific as to what is wrong. The Legislature has thus placed the burden of proof upon the Commissioner."

█ If in disapproving a rate increase the Commissioner reach his decision from specified factors enumerated in T.C.A. sec. 56-602, *and from other relevant factors, the Court cannot substitute its judgment for that of the Commissioner. Long v. Natl. Board of C. Underwriters,* supra.

█ We do not think the legislature has placed the burden of proof upon the Commissioner. The insurance companies made the filing seeking an increased rate of twenty-five per cent. They were the aggressors. The companies sought affirmative relief at the hands of the Commissioner.

> "The burden of proof is on the party having the affirmative of an issue and this burden never shifts. *Stewart v. City of Nashville,* 96 Tenn. 50, 33 S.W. 613; *Wilkins v. McCorkle,* 112 Tenn. 688, 80 S.W. 834; *City National Bank v. Barnes,* 164 Tenn. 450, 51 S.W.2d 503; *Whipple v. McKew,* 166 Tenn. 31, 60 S.W.2d 1006." *Freeman v. Felts,* 208 Tenn. 201, 210, 344 S.W.2d 550, 554.

In *Lazenby v. Universal Underwriters Insurance Co.,* 214 Tenn. 639, 655, 383 S.W.2d 1, 8, it is said:

> "T.C.A. sec. 56-603(a) provides that every insurer shall file with the commissioner every manual of classifications, rules and rates, every rating plan, etc. Every such filing shall indicate the character and extent of the coverage contemplated and shall be accompanied by the information upon which the insurer supports the filing."

The North Carolina Court in *In Re: North Carolina Fire Insurance Rating Bureau,* 275 N.C. 15, 165 S.E.2d

207, said that there is no presumption that a rate filing is correct and proper, and that the burden is on the filing insurer to show that the rate schedule proposed is fair and reasonable and not unfairly discriminatory between risks. T.C.A. sec. 56-603(c) provides the Commissioner shall approve any filing made "unless he determines, after due consideration, that such filing does not meet the requirements of this chapter. * * *"

After a careful consideration of the record and the authorities cited, we are constrained to hold that the learned Circuit Judge erred in his judgment in setting aside and vacating in toto the order or ruling of the Commissioner of the Department of Insurance and Banking. Assignments of error 2, 3, 4, 5, 6 and 7 are sustained. The judgment of the Circuit Court is, therefore, reversed; and the case is remanded to the Commissioner of Insurance and Banking to prepare and file his reasons for disapproving the filing. Appellees are taxed with the costs.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and JENKINS, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.

## OPINION ON PETITION TO REHEAR

MR. SPECIAL JUSTICE W. J. SMITH.

The appellant, David M. Pack, Commissioner, Department of Insurance and Banking filed his petition for a rehearing, contending that he is aggrieved by so much of the opinion of the Court filed May 4, 1970, as remanded the case to the present Commissioner of the Department of Insurance and Banking to prepare and file his reasons

for disapproving the rate filing involved herein and seeking a dismissal of the case at the cost of appellee.

Petitioner further insists "that in a broad or simple appeal the entire case is opened up and the appellate court determines such a case as though the case had been originally instituted in said court and pronounces a final decree, if proper. See Gibson's Suits in Chancery, sec. 1334."

■ Counsel overlook the fact that the action of the Commissioner was brought to the circuit court by the common law writ of certiorari, and appealed to this Court, from an adverse ruling by the trial court. As stated in our original opinion on May 4, 1970, the common law writ does not bring up for determination any question except the question (1) whether the Commissioner exceeded his jurisdiction, (2) has acted illegally, arbitrarily or fraudulently. T.C.A. sec. 27-801; *Hoover Motor Express Co. v. Railroad & Public Utility Comm.*, 195 Tenn. 593, 261 S.W.2d 233; *Boyd v. General Motors Acceptance Corp.*, 205 Tenn. 658, 330 S.W.2d 13; *Reddoch v. Smith*, 214 Tenn. 213, 223, 379 S.W.2d 641; *Bragg v. Boyd*, 193 Tenn. 507, 246 S.W.2d 575; *Boyce v. Williams*, 215 Tenn. 704, 389 S.W.2d 272; *State ex rel. McMorrow v. Hunt*, 137 Tenn. 243, 192 S.W. 931.

In *McGee v. State*, 207 Tenn. 431, 340 S.W.2d 904, the Court in speaking of the common law writ of certiorari had this to say:

"The Court's supervisory jurisdiction by certiorari must not be confused with its ordinary appellate jurisdiction. Nor must the distinction be overlooked between common-law writ of certiorari, now put in form of a statute (T.C.A. sec. 27-801) and the statutory

writ, or certiorari in lieu of an appeal (T.C.A. sec. 27-802). *State ex rel. McMorrow v. Hunt,* 137 Tenn. 243 251, 192 S.W. 931, 933; *Helton v. State,* 194 Tenn. 299, 301, 305, 250 S.W.2d 540, 541, 542; *Hoover Motor Express Co. v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 600, 604, 261 S.W.2d 233.

"The common-law writ of certiorari, the writ here sought, may be granted 'in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the Court, there is no other plain, speedy, or adequate remedy.' (T.C.A. sec. 27-801)."

In remanding the case we followed the holding of the Court in *Southern Bell Telephone and Telegraph Company v. Tennessee Public Service Commission,* 202 Tenn. 465, 474, 304 S.W.2d 640, 644, in which case it was held that:

" 'The general rule is that the courts, even in the absence of statute, have such power where it is necessary to effectuate the demands of justice, * * *'.

And:

" 'There is nothing in the principles governing judicial review of administrative acts which precludes the courts from giving an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid.' "

And:

" 'If a board or commission has failed to make an essential finding and the record on review is insufficient to provide the basis for a final determination, *the proper procedure for the court is to remand the case for further proceedings before the board.*' (Emphasis supplied)

"Each of these statements are supported by good authority which we have examined." * * *

It is further contended by the Commissioner, Milton P. Rice, that he was appointed Commissioner of the Department of Insurance and Banking on September 5, 1969, "and he has no express legal authority, under T.C.A. sec. 56-603, to amend or modify former Commissioner David M. Pack, the petitioner's final ruling denying this filing after a hearing and upon remand by the trial court. Any ruling by Commissioner Rice upon this remand would, in addition have to be made by him without the benefit of the procedure set forth in T.C.A. sec. 56-603, and should not be required by this Honorable Court."

This is simply a re-argument of matters considered in the argument on the hearing. The record revealed that David M. Pack in his answer filed in the trial court stated that he vacated the office of Commissioner on September 3, 1969, and was on the same date appointed Attorney General and Reporter of the State of Tennessee. That on September 5, 1969, Milton P. Rice was appointed Commissioner of the Department of Insurance and Banking and he had no express legal authority to decide the question proposed by the Court. (See page 4 of the opinion of the Court)

The record shows that Commissioner Pack held a hearing on the filing on May 5, 1969, consisting of the testimony of witnesses and large volumes of statistical data submitted by the Insurance Companies, a transcript of which was filed with the petition for certiorari and is a part of the record in the case.

The statute, sec. 8-2901 provides:

"In all cases in which it is not otherwise expressly provided, when any office is vacated, all books, papers, property, and money belonging or appertaining to such office, shall, on demand, be delivered over to the qualified successor" * * *.

T.C.A. sec. 56-109 provides for the appointment of deputies, the employment of actuaries, with such assistants as may be deemed necessary by the Commissioner for the efficient administration of the duties of the office. (T.C.A. sec. 56-110)

The general rule is that where provision is made by statute for the appointment of deputies, such deputies may discharge all duties of the office. *Southern Ry. Co. v. Hamilton County*, 24 Tenn.App. 32, 138 S.W.2d 770.

The record does not show that the entire office personnel of the Commissioner was vacated when Commissioner Pack resigned. All of the testimony, data, etc., had on the hearing on May 5, 1969 are available for use by the present Commissioner.

We find the petition for a rehearing without merit, and the same is denied.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and JENKINS, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.