IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 2000 Session

## FRANKLIN NATIONAL BANK v. MILTON C. PROWELL

**Appeal from the Circuit Court for Williamson County**
**No. II-99700     Jeffrey Bivins, Judge**

---

**No. M2000-00580-COA-R3-CV - Filed September 28, 2000**

---

The Circuit Court of Williamson County refused to issue a writ of certiorari to review a judgment of the General Sessions Court of that county because the petition was untimely and the same issues were already pending in an action in Maury County.  We affirm.

**Tenn. R. App. P. 3 ; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Matt Q. Bastian, Columbia, Tennessee, for the appellant, Milton C. Prowell.

Stephen Price and Andrea Taylor McKellar, Nashville, Tennessee, for the appellee, Franklin National Bank.

**OPINION**

**I.**

On October 26, 1998, the Franklin National Bank obtained a civil warrant in the General Sessions Court of Williamson County to recover some personal property from Milton Prowell.  The warrant was returned on October 29, 1998, by William Hooper, Constable, with the following notation, "made three separate attempts def. refused to come to the door posted on door today's date 0825 hrs."  The warrant commanded Mr. Prowell to appear on November 2, 1998 in the Williamson County Sessions Court.  On November 2, the court entered judgment for the bank for possession of the property described in the warrant and the costs of the cause.

On October 12, 1999, Mr. Prowell filed a complaint in the Maury County Circuit Court against the bank and Mr. Hooper.  The complaint alleged that Mr. Prowell had financed his contracting business through loans from the bank, giving the bank a security interest in some of his equipment.  Mr. Prowell denied that he had been served with the warrant for possession or that he

had any notice of the proceeding until he was arrested by Mr. Hooper and other officers on February 4, 1999 on a charge of hindering a secured creditor. The complaint alleged that Mr. Hooper was the paid agent of the bank and that the bank and Mr. Hooper were guilty of malicious prosecution, false imprisonment, abuse of process, conversion, libel, slander, defamation of business character, and outrageous conduct. The bank filed its answer and a counterclaim for the balance owed by Mr. Prowell. Apparently some of the collateral securing Mr. Prowell's note had been repossessed under the Williamson County General Sessions warrant. Mr. Hooper filed his answer on December 7, 1999 and a supplemental answer on December 13.

On December 20, 1999, Mr. Prowell filed a petition for writ of certiorari in the Circuit Court of Williamson County seeking a nullification of the judgment for possession issued by the General Sessions Court on November 2, 1998. The pleadings from the Maury County litigation were filed as exhibits to the petition. The circuit judge refused to grant the writ, holding that the issues in Maury County involved the question of the validity of the Williamson County judgment and that Mr. Prowell had unduly delayed filing the petition for more than ten months after becoming aware of the judgment against him.

## II.

The parties make some effort to decide whether the writ sought was a common law writ under Tenn. Code Ann. § 27-8-101 or the statutory writ under Tenn. Code Ann. § 27-8-102. We think the point is immaterial because the decision to grant either writ is within the sound discretion of the trial court. *See Clark v. Metropolitan Government of Nashville*, 827 S.W.2d 312 (Tenn. Ct. App. 1991); *Pack v. Royal-Globe Ins. Co.*, 457 S.W.2d 19 (Tenn. 1970). Certiorari should not be granted if the person seeking it has other adequate appellate remedies. *Tragle v. Burdette*, 438 S.W.2d 736 (Tenn. 1969).

In the case at bar, the appellant contends that the General Sessions Court lacked in personam jurisdiction, for various reasons, and therefore lacked the authority to enter a judgment against him. However, as pointed out by the trial court, the appellant has an adequate remedy to the default judgment entered against him. Such remedy lies in the appellant's pending suit against the appellee in the Circuit Court for Maury County. The validity of the General Sessions judgment had been placed in issue in the pleadings in Maury County. There was no need in this case for the appellant to have resorted to a writ for certiorari. Therefore, it was within the discretion of the trial court to deny the appellant's petition for the writ of certiorari.

## III.

The judgment of the trial court is affirmed and the cause remanded to the Circuit Court for Williamson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Milton C. Prowell.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.