IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 2, 2001

## JOHN E. GAINES v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-2553-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2001-00268-COA-R3-CV - Filed September 18, 2001**

---

John E. Gaines is an inmate in the custody of the Tennessee Department of Correction and while in custody at Middle Tennessee Correctional Complex Annex was a work release inmate.  He was charged with violation of T.D.O.C. policy for failure to timely appear at his job site pickup station following the workday of May 10, 2000.  Upon conviction in prison disciplinary proceedings and exhaustion of appellate remedies within the Tennessee Department of Correction, he filed, in the Chancery Court for Davidson County, a petition for a writ of common law certiorari.  The Chancellor sustained a motion to dismiss under T.R.C.P. 12(6) and, upon consideration of the record, we affirm the judgment of the Chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

John E. Gaines, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Mark A. Hudson, Senior Counsel, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

### OPINION

John Gaines was an inmate in the custody of the Tennessee Department of Correction incarcerated at Middle Tennessee Correctional Complex Annex.  He was a work release inmate and was charged with failure to appear at his job site pickup location for return to the annex on the afternoon of May 10, 2000.

At his hearing before the disciplinary board on May 17, 2000, he was convicted of this Class B infraction and terminated from the work release program.

He appealed his conviction to the warden with the conviction being affirmed.

His timely petition for common law certiorari asserted his May 10, 2000 alleged violation, his May 17, 2000 conviction, his May 24, 2000 appeal, and the June 12, 2000 affirmation of his conviction by Warden Nora Holland.

He next asserted T.D.O.C. policy number 9502.01.VI.D.3.f.3 asserting that no inmate should be held for more than seven calendar days pending investigation. The exhibits to his complaint show that he was held from May 11, 2000 until his hearing on May 17, 2000 in segregation. The seven day rule was thus not violated. The record of the hearing and appellate process within the Department of Correction is attached by Petitioner to his petition for certiorari and shows that his only punishment was revocation of his work release status.

He further asserts that as a part of his punishment $265.54, as a fine, was removed from his inmate trust account. Again, the record filed with his petition establishes no such additional penalty and his record of trust fund transactions filed with his affidavit of indigency discloses no such withdrawal from his trust account.

In sustaining the T.R.C.P. rule 12(6) motion filed by the State of Tennessee, the Chancellor held:

> A review of the documents appended to the petitioner's pleading reveal that there are inconsistencies and inaccuracies in the allegations he has made. First, the documents reveal that the petitioner was held in segregation pending investigation of his claim for seven days. The petitioner, himself, acknowledges in his pleading that Tennessee Department of Correction Policy No. 9502.01.VI.D.3.f.3 states that an inmate may not be held more than seven calendar days pending an investigation. The documents appended to the pleading also reveal that the petitioner was told the charges against him. A document dated May 11, 2000, signed by Curtis Elmore reveals that the petitioner was told what the charges were pending against him. There is, then, no illegality, fraud or abuse by the respondents on the face of the pleadings. The petitioner has failed to state a claim upon which relief may be granted.

> But more fundamentally the punishment applied to the petitioner, the withdrawal of approximately $265 from his trust account, is not an atypical and significant hardship on the petitioner in relation to the ordinary incidents of prison life so as to trigger limited due process protections in the disciplinary hearing. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). The petitioner is not entitled to due process as a result of his disciplinary hearing. He has, therefore, failed to state a claim upon which relief can be granted.

When a petitioner seeks a common-law writ of certiorari under Tenn. Code Ann. § 27-8-101, the issue to be decided by the court is whether the inferior board has exceeded its jurisdiction or is acting illegally.  *Pack v. Royal-Globe Ins. Cos.*, 224 Tenn. 452, 457 S.W.2d 19 (1970); *Boyce v. Williams*, 215 Tenn. 704, 389 S.W.2d 272 (1965); *Roberts v. Brown*, 43 Tenn. App. 567, 310 S.W.2d 197 (1957).

In *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. App. 1994), the Court of Appeals for the Middle Section, defining the scope of review under a common law writ, stated:

> [The scope of review] covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily.  Conclusory terms such as 'arbitrary and capricious' will not entitle a petitioner to the writ.  At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to review, but the manner in which the decision is reached.  If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.  (citations omitted).

Whether an agency or board has reached its decision in a constitutional or lawful manner depends in part on to what constitutional rights an inmate is entitled with regards to disciplinary hearings.  The degree of procedural protection that must be afforded inmates accused of infractions depends on the nature of the sanctions involved.  *See Sandin v. Conner*, 515 U.S. 472; 115 S.Ct. 2293, 2301; 132 L.Ed.2d 418 (1995).  In *Sandin*, the Supreme Court stated that a liberty interest is not created by the Due Process Clause itself nor by the state prison regulations, regardless of whether the regulations contain mandatory language.  *See id* at 2299.  The Court went on to hold that an inmate is entitled to limited due process only when the resulting sanctions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 2300-01.

Reliance by the petitioner of *Palmer v. South Central Correctional Facility Disciplinary Board*, No. M1999-01611-COA-R3-CV (Aug. 9, 2000) is misplaced.  In that case, the record showed that the petitioner had been charged with an unauthorized financial transaction which was based on no action taken by him.  His mother had forwarded a money order to prison officials and enclosed a note containing offensive language.  The record before the court showed no underlying action on the part of Palmer and for that reason the judgment was reversed.  In the case before the Court, the allegations of the petition and the exhibits attached thereto show clearly that Mr. Gaines was charged and convicted because of his own activities.

Neither the allegations of the petition nor the documents appended thereto allege or show that Mr. Gaines was subjected to a disciplinary sanction that was atypical in relation to the ordinary incidents of prison life.  Under *Sandin v. Conner*, no liberty interest of Mr. Gaines is involved and the Chancellor correctly sustained the motion to dismiss.

We affirm the judgment of the Chancellor and costs of this cause are assessed to the petitioner.

_____
WILLIAM B. CAIN, JUDGE